**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-2156
_____

ELIZABETH FEDYNICH,

Plaintiff - Appellant,

v.

LYNCHBURG REDEVELOPMENT AND HOUSING AUTHORITY; JANICE PAYNE-HUBBARD; OMAR LLAMAS; LIDIA VARGAS; BARBARA WOODALL; VIRGINIA HOUSING DEVELOPMENT AUTHORITY; ANTON SHAW; BOULDER HOUSING PARTNERS; JEREMY DURHAM; KAREN KREUTZBERG; MARINA ARRITOLA; DAWN FAGAN; CHANDRA HYACINTH; CENTRAL VIRGINIA HOUSING; BETTY NEWBURY,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:25-cv-00049-DJN)

_____

Submitted:  March 26, 2026                      Decided:  March 30, 2026

_____

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Elizabeth Fedynich, Appellant Pro Se.  Monica Taylor Monday, GENTRY LOCKE, Roanoke, Virginia; Giovanna Rae Bonafede, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, McLean, Virginia; Robert Matthew Black, Jeremy David Capps, HARMAN CLAYTOR CORRIGAN & WELLMAN, Richmond, Virginia; Daniel

Philip Peyton, Heidi Elizabeth Siegmund, MCGUIREWOODS, LLP, Richmond, Virginia, for Appellees.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth Fedynich appeals the district court's order dismissing as untimely her civil complaint raising claims under 42 U.S.C. § 1983; the Fair Housing Act, 42 U.S.C. §§ 3601-3619; the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213; the Rehabilitation Act, 29 U.S.C. §§ 701-796l; and Virginia tort law.  She further challenges the district court's denial of her motion to seal a motion for an extension of time.  Limiting our review to the issues raised in the informal brief, we discern no reversible error.  *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").  The district court did not err in finding Fedynich was not entitled to tolling of the applicable statutes of limitations on equitable grounds.  *See Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548-50 (4th Cir. 2019) (discussing equitable tolling).  Nor did the district court abuse its discretion in finding Fedynich had not established a "countervailing interest[]" that "heavily outweigh[ed] the public interests in access" to documents filed in the proceedings.  *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (internal quotation marks omitted); *see also United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) (stating standard of review).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3